**FILED**
VANESSA L. ARMSTRONG, CLERK

NOV 16 2016

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:14-CV-00054-JHM

DAMIEN A. SUBLETT                                            PLAINTIFF

v.

ALAN BROWN                                                          DEFENDANT

### JURY INSTRUCTIONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Plaintiff has proved his case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

### I. GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.



The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

### BURDEN OF PROOF

The plaintiff has the burden of proving his case by what is called a preponderance of the evidence. That means that the plaintiff has to produce evidence that, considered in light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not. If the plaintiff fails to meet this burden, the verdict must be for the defendant.

### EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, here in Court or by deposition, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

### WHAT IS NOT EVIDENCE

The following things are not evidence and you may not consider them in deciding what the facts are:

1) Arguments and statements by lawyers are not evidence;

2) Questions and objections by lawyers are not evidence;

3) Testimony I have instructed you to disregard is not evidence; and,

4) Anything you may have seen or heard when the Court was not in session is not evidence.



## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have displayed; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in



the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

    You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

    All of these are matters for you to consider in deciding the facts.



## II. Rules of Law

### Instruction No. 1

The Plaintiff in this action claims that the Defendant violated his constitutional rights by retaliating against him for filing a grievance against another prison official. As a result of the Defendant's actions, the Plaintiff claims that he suffered injury for which he seeks damages. The Defendant denies that any of his actions during the time in question violated the Plaintiff's constitutional rights.

Section 1983, the federal civil rights statute under which the Plaintiff sues, provides that a person may seek relief in this Court by way of damages against any person who, under color of state law, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

In order to prove his claim under this statute, the Plaintiff must establish by a preponderance of the evidence each of the following elements:

(1)   that the Defendant acted under color of state law, as defined and explained in Instruction No. 2; and

(2)   that the Defendant deprived the Plaintiff of a federal Constitutional right, as defined and explained in Instruction No. 3, by retaliating against the Plaintiff for filing a grievance against another prison official.



INSTRUCTION NO. 2

"Under color" of state law means under the pretense of law. An officer's acts while performing his official duties are done "under color" of state law whether those acts are in line with his authority or overstep such authority. An officer acts "under color" of state law even if he misuses the power he possesses by virtue of a state law or because he is clothed with the authority of state law. An officer's acts that are done in pursuit of purely personal objectives without using or misusing his authority granted by the state are not acts done "under color" of state law.



## INSTRUCTION NO. 3

In this case, the Plaintiff claims that the Defendant deprived him of his rights under the First Amendment to the United States Constitution.

Specifically, the Plaintiff claims the Defendant violated his rights by retaliating against the Plaintiff for filing a grievance against another prison official.

A convicted prisoner loses some constitutional rights, such as the right to liberty, after being convicted of a criminal offense. But a prisoner keeps other constitutional rights. One of those retained rights is the First Amendment right to file a grievance against prison officials on his own behalf. This means that a prisoner not only has a right to file a grievance, but he also cannot be punished in retaliation for filing a grievance.

To succeed on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

(1) That Plaintiff was engaged in a constitutionally protected activity;

(2) That adverse action was taken against the Plaintiff by the Defendant; and

(3) There is a causal connection between (1) and (2), in that the adverse action was motivated at least in part by the Plaintiff's protected conduct.

As mentioned above, a prisoner has a constitutionally protected right to file a grievance against a prison official. However, that right is protected only if the grievance is not frivolous. A frivolous grievance is one without merit, meaning that it lacks an arguable basis in fact. A grievance need not be successful to be non-frivolous.

An "adverse action" is an action that would deter a person of ordinary firmness from exercising a constitutional right.



## INSTRUCTION NO. 4

If you find for the Plaintiff, then you will determine from the evidence and award the Plaintiff such sum of money as will fairly and reasonably compensate him for his mental and physical pain and suffering, if any, as you believe from the evidence he has sustained as a direct result of the deprivation of his constitutional rights by the Defendant.

The fact that I instruct you on damages should not be taken by you as indicating one way or the other whether the Plaintiff is entitled to recover damages. This is entirely for you to decide. Any damages you award must have a reasonable basis in the evidence. They need not be mathematically exact but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guess work.



## INSTRUCTION NO. 5

If you find for the Plaintiff, but you find the Plaintiff's damages have no monetary value, then you must return a verdict for the Plaintiff in the nominal amount of one dollar.



## INSTRUCTION NO. 6

If you found for the Plaintiff against Defendant, and awarded compensatory damages or nominal damages under these Instructions, then you may, in your discretion, award punitive damages. However, you may only award punitive damages if you believe that the Defendant's conduct involves a reckless indifference or disregard for Plaintiff's constitutional rights, life, or safety.

Punitive damages are awarded against a Defendant for the purpose of punishing the Defendant for misconduct, and deterring him and others from engaging in similar conduct in the future. If you award punitive damages, they must be fixed with calm discretion and sound reason, and must never be awarded, or fixed in amount, because of any sympathy, bias, or prejudice with respect to any party to the case. If you decide to award punitive damages, you shall consider the following factors:

(1) The harm to the Plaintiff as measured by the damages you have awarded under these Instructions caused by a Defendant's failure to comply with his duties; and

(2) The degree, if any, to which you have found from the evidence that the Defendant's failure to comply with his duties was reprehensible, considering: the degree to which the Defendant's conduct evinced an indifference to or reckless disregard for the health and safety of others; the degree to which the harm suffered by the Plaintiff was a result of intentional conduct, or mere accident; the likelihood, at the time of the Defendant's conduct, that serious harm would arise from it; the degree of the Defendant's awareness of that likelihood; the profitability of the misconduct to the Defendant; the duration of the misconduct and any concealment of it by the Defendant; and any actions by the Defendant to remedy the misconduct once it became known to the Defendant.



The fact that I instruct you on punitive damages should not be taken by you as indicating one way or the other whether Plaintiff is entitled to recover such damages. This is entirely for you to decide.



## INSTRUCTION NO. 7

You have heard the testimony of Damien Sublett. You have also heard that before this trial he was convicted of a crime. This earlier conviction was brought to your attention only as one way of helping you decide how believable his testimony was. Do not use it for any other purpose. It is not evidence of anything else.



### III. JURY DELIBERATIONS

When you retire to the jury room, you will discuss the case with your fellow jurors to reach an agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court.

### REACHING AGREEMENT

Your verdict must be unanimous and based solely on the evidence and on the law as I have given it to you in these instructions. You must all agree on any verdict you reach.

Each of you must decide the case for yourself, but you should do so only after you consider all the evidence, discuss it fully with each other, and listen to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think this is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.



## NOTES

Now I'd like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You'll notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## RETURN OF VERDICT FORM

I have prepared a Verdict Form for your use in making your verdict. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the



case except by a signed writing or here in open Court. For example, do not write down or tell anyone that you are split 4-3, or 6-1, or whatever your vote happens to be. That should stay secret until you are finished.

